UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO DAVILA, et. al., | No. C-09-5058 JCS |
| Petitioners, | |
| v. | **ORDER DENYING RESPONDENTS' MOTION TO DISMISS FOR LACK OF JURISDICTION** |
| ERIC HOLDER, Attorney General of the United States et. al., | **[Docket No. 5]** |
| Respondents. | |

## I.    INTRODUCTION

Pablo Davila and his son Juan Jose Davila ("Petitioners") bring this Petition for a Writ of Mandamus under the federal mandamus statute, 28 U.S.C. § 1361 (hereafter "Petition"), to compel the American Consulate in Ciudad Juarez, Mexico to accept for filing a Motion to Reconsider its decision that Juan Jose Davila is inadmissible to the United States under 8 U.S.C. 1182(a)(1)(A)(iv). Presently before the Court is Respondents' Motion to Dismiss for Lack of Subject Matter Jurisdiction under Fed.R.Civ.P 12(b)(1) and (6) ("the Motion"). In the Motion, Respondents argue that this court lacks subject-matter jurisdiction under the doctrine of consular nonreviewability and, additionally, that Petitioners cannot meet the requirements for mandamus relief. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Having carefully considered the arguments of the parties at the hearing on March 26, 2010, and the papers submitted, the Respondents' Motion is DENIED.

## II.     FACTUAL BACKGROUND

### A.     Facts

Pablo Davila is a citizen of the United States and a resident of Oakland.  *See* Petition ¶ 1. His son, Juan Jose Davila ("Davila") is a citizen of Mexico currently waiting approval of an immigrant visa application.  *Id.*  When Pablo Davila was a Resident he applied on behalf of his son for a nonimmigrant visa.  Petition, Ex. A (approved immigrant visa and certificate of Naturalization for Pablo Davila).  Because Davila entered this country illegally, he was required to apply for his nonimmigrant visa (also commonly referred to as a "green card") at the American Embassy in his native country, Mexico.  *Id.* at ¶ 4 (citing INA § 245).

### B.     Procedural History

On September 12, 2008, Davila applied for a nonimmigrant visa in Mexico.  Petition, Ex. C. An interview was scheduled for September 12, 2008.  *Id.*  At the interview, Davila admitted that he had occasionally tried marijuana.  Petition ¶ 6.  On January 29, 2009, a consular officer refused the application under 8 U.S.C. § 1182(a)(1)(A)(iv), which states that a person is inadmissible to the United States if the Consular Officer believes that person is addicted to a controlled substance. Petition ¶ 7, Exh. D.

On February 19, 2009, Petitioners filed a Motion to Reconsider with the Consulate General. Petition, Ex. E ("Motion to Reconsider Denial of Visa Based on Findings of Inadmissibility Under the Drug Addiction Grounds").  Counsel for Petitioners attached letters from Juan Jose Davila's employer, school counselor and evidence of his school attendance, as well as numerous letters of support from family, friends and neighbors all in support of the argument that he is not addicted to drugs and is a "responsible serious young man."  Petition, Ex. E.  The motion also included a declaration from Davila's parents that stated the following:  "The notion that he is a drug addict is quite simply preposterous.  Juan is an intelligent and respectful young man.  He was a good student and very responsible and serious.  Now [sic] one, including his teachers friends or neighbors, would ever even suggest that [] he has any problem with drugs."  *See* Petition, Ex. F.  The motion concluded with the following request:  "We would ask that you re-consider your earlier finding and approve the visa."  *Id.*, Ex. E.

On March 24, 2009, the Consulate returned the documents and fee to Petitioners. Petition, Ex. K. On May 13, 2009, counsel for Petitioners submitted a letter entitled: "Please Accept the Enclosed I-290 – Motion to Reconsider." *Id.* Petitioners, through counsel, again asked the Consulate to reconsider its earlier finding of inadmissibility based upon alleged drug addiction. *Id.* Counsel also cautioned that he would file a writ in federal court to "compel [the Consulate] to adjudicate the Motion to Reconsider." *Id.*

On September 22, 2009, the Consulate responded by letter to Petitioners' further inquiry, explaining the legal and factual basis for the original refusal of the visa. Petition, Ex. L. The Consulate explained that "the panel physician determined that Mr. Davila's use of drugs was part of a pattern of abuse." *Id.* The Consulate noted that there is no waiver for ineligibility based on drug abuse. *Id.* The Consulate further explained that Mr. Davila would have to remain drug-free for three years and may request a medical reevaluation after November 2011. *Id.* The letter contained no reference to the additional evidence, letters of support, the letter from Davila's school counselor or other evidence submitted in connection with the Motion to Reconsider. *Id.* Rather, the letter provided further explanation for the original refusal of the visa and stated " . . . we are returning *without action* your documents along with the money order sent to our office." *Id.* (emphasis added).

On October 23, 2009, Petitioners filed this Petition for Writ of Mandamus to compel the American Consulate in Ciudad Juarez to accept for filing a Motion to Reconsider its finding that Juan Jose Davila is a Drug Abuser and thus inadmissible to the United States under 8 U.S.C. § 1182(a)(1)(A)(iv).

Petitioners assert that Respondents have violated federal law by failing to accept for filing his Motion to Reconsider the denial of his request for a nonimmigrant visa. Petitioners assert that mandamus jurisdiction exists to compel the American Consulate in Mexico to accept their Motion.

Respondents filed their Motion to Dismiss on December 22, 2009. Respondents argue that this Court lacks subject-matter jurisdiction to grant relief because adjudication of immigration status is committed to agency discretion and the doctrine of consular nonreviewability precludes this Court from reviewing the Agency's decision.

3

Petitioners respond that the doctrine of consular nonreviewability is inapplicable where, as here, the Consulate fails to perform a nondiscretionary duty by failing to consider Petitioners' Motion to Reconsider.

**III.    ANALYSIS**

    **A.    Legal Standards**

        **1.    Rule 12(b)(1) Standard**

Federal Courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Their authority extends only to subject matter authorized by the Constitution or by statute. *Id.* The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction. *See id.* A motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure will be granted if the complaint fails to allege grounds for federal subject-matter jurisdiction, as required by rule 8(a) of the Federal Rules of Civil Procedure. *See Warren v. Fox Family Worldwide*, 328 F.3d 1136, 1139 (9th Cir. 2003). However, "jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional" and are permitted only when the claim is "patently without merit." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

A motion to dismiss under Rule 12(b)(1) can be facial or factual. *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2003). A facial challenge asserts that the complaint, on its face, fails to allege facts that would invoke federal jurisdiction. *Id.* A factual attack disputes the veracity of allegations in the complaint that would, if true, invoke federal jurisdiction. *Id.* In a factual challenge, the court may consider evidence outside the pleadings to determine whether it has subject-matter jurisdiction. *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005).

Additionally, where a factual challenge is asserted, in contrast to a facial challenge, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts*, 812 F.2d at 1177 (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)) (internal quotations omitted).

However, when the jurisdictional question is intertwined with the merits of the case, the

matter is treated nearly like a Rule 12(b)(6) motion. A jurisdictional determination is intertwined with the merits of a case when a statute provides the basis for both subject-matter jurisdiction and the plaintiff's substantive claim for relief. *Safe Air For Everyone*, 373 F.3d at 1039-40. Where the question of jurisdiction is intertwined with the merits, as it is here, the court conducts an inquiry that is "analogous to a 12(b)(6) motion." *Roberts*, 812 F.2d at 1177-78. Accordingly, a court must consider the allegations in the complaint as true, unless controverted by undisputed facts in the record, and must draw all reasonable inferences in favor of the plaintiff. *Roberts*, 812 F.2d at 1177.

### 2. Legal Standard Governing Visa Petitions

The Secretary of State is "charged with the administration and enforcement of the provisions" of the Immigration and Nationality Act, 8 U.S.C. § 1101 *et. seq*.

> And all other immigration and nationality laws, relating to . . . the powers duties and functions of diplomatic and consular officers of the United States, except those powers, duties and functions conferred upon the consular officers relating to the granting or refusal of visas[.]

8 U.S.C. § 1104(a). United States citizens may petition the Secretary of the Department of Homeland Security for immigrant visa petitions on behalf of their children. 8 U.S.C. § 1151(b)(2)(A)(i). Once such a petition is filed, "after an investigation of the facts in each case," if the facts are determined to be true, the Secretary shall approve the petition and forward it to the State Department for processing at the consulate. 8 U.S.C. § 1154(b). If the consular officer determines that the alien is ineligible for a visa, then no visa is issued. 8 U.S.C. § 1201(g). The applicant bears the burden of proof to establish eligibility for a visa. 8 U.S.C. § 1361. Only consular officers have the power to issue visas. 8 U.S.C. § 1101(a)(9); 1201(a); *Patel v. Reno*, 134 F.3d 929, 933 (9th Cir. 1997).

Under 22 C.F.R. § 42.81(a), issuance or refusal of a visa is mandatory, *i.e.*, if a visa application has been properly submitted to a consular officer, the officer must either issue or refuse the visa. "If a visa is refused, and the applicant within one year from the date of the refusal adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based, the case *shall* be reconsidered. . . ." 22 C.F.R. § 42.81(e) (emphasis added).

### 3. **Statutory Bases for Jurisdiction and Relief**

The Mandamus Act states, in its entirety: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is an extraordinary remedy, however. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir.1994) (citing *Stang v. IRS*, 788 F.2d 564, 565 (9th Cir.1986)). A district court may issue a writ of mandamus under § 1361 "only when (1) the plaintiff's claim is 'clear and certain'; (2) the defendant official's duty to act is ministerial, and 'so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." *Barron*, 13 F.3d at 1374. As a general rule, "mandamus may not be used to impinge upon an official's legitimate use of discretion." *Id.* at 1376. The only exception exists when "statutory or regulatory standards delimiting the scope or manner in which such discretion can be exercised ... have been ignored or violated." *Id.*

### 4. **Applicability of the Law to the Facts of This Case**

The question before this Court is whether Petitioners are permitted to seek (and this Court has jurisdiction to grant) relief ordering Respondents to reconsider Petitioner's petition pursuant to 42 C.F.R. § 42.81(e). The Court concludes that, based on the record before this Court on this Rule 12 Motion, Petitioners may seek relief under the Mandamus Act, and further that this Court has jurisdiction to order relief. Any further consideration of these issues must await summary judgment.

Petitioners argue that 28 U.S.C. § 1361 supports jurisdiction and their claim for relief because 22 C.F.R. § 42.81(e) provides the Consulate with the duty to reconsider Davila's visa application. Petitioners further argue that the doctrine of consular nonreviewability does not apply in this case because they merely challenge the Consular's decision to return their case without performing the duty owed to them – considering their Motion to Reconsider. Opp. at 2. The Court agrees.

The doctrine of consular nonreviewability generally precludes judicial review of consular officers' decisions to grant or refuse visas. *See, e.g., Li Hing of Hong Kong v. Levin*, 800 F.2d 970, 970 (9th Cir. 1986) ("The doctrine of nonreviewability of a consul's decision to grant or deny a visa

stems from the Supreme Court's confirming that the legislative power of Congress over the admission of aliens is virtually complete."); *Ventura-Escamilla v. INS*, 647 F.2d 28, 30 (9th Cir. 1981) (holding that we lack jurisdiction when "the relief sought is a review of the Consul's decision denying their application for a visa"). This doctrine applies to all discretionary decisions of consular officers. *Patel v. Reno*, 134 F.3d at 932.

Petitioners cite *Patel v. Reno*, *supra*, in support of their argument that the doctrine of consular nonreviewability is inapplicable here. In *Patel*, the Ninth Circuit held that "when [a] suit challenges the authority of the consul to take or fail to take an action as opposed to a decision within the consul's discretion," the doctrine of consular nonreviewability presents no bar federal jurisdiction. *Id*. One court has explained the holding of *Patel* as follows: "[W]here a consular officer has a *nondiscretionary* duty to act but refuses to do so, the court can grant mandamus relief and force the consulate to issue a decision (though importantly, in issuing the writ, the court may not direct the agency *how* to act)." *Nwansi v. Rice*, *supra*, at *3.

In the present case, the Consulate returned the Petitioners' Motion for Reconsideration and fee. The Consulate subsequently sent a letter to Petitioners providing further explanation for the original visa refusal and stating that it had *taken no action* on the Motion. There is nothing in the record before this Court that indicates that the Consulate considered the Motion to Reconsider. To the contrary, the letter explicitly stated that the agency was returning Petitioners' Motion "without action." Petition, Ex. L. Thus, although the circumstances of the present case and the facts of *Patel* are different – in *Patel* the Consulate delayed decision on the original visa application, whereas here, the Consulate failed to accept a motion to reconsider – a critical factor is the same: the record before the Court on this Motion indicates that the Consulate has failed to perform a nondiscretionary duty. Here, it appears from the record that the Consulate has refused to reconsider Petitioners' case as required by federal regulation. 22 C.F.R. § 42.81(e) ("the case *shall* be reconsidered").

In an effort to avoid the *Patel* exception to the doctrine of consular nonreviewability,

7

Respondents characterize its letter explaining the original visa refusal as a "reconsideration."[1]  Reply at 2.  Respondents contend that the consular official satisfied its obligations under § 41.82(e) when "it responded to Petitioner's further inquiry regarding the refusal."  Reply at 2.  Further, Respondents argue that mandamus relief is inappropriate as the doctrine of consular nonreviewability bars the Petitioners' Petition, which contains a "procedural challenge" to the process by which his visa was denied.  Respondents argue that Petitioners challenge the "process used by the Consulate, and seek relief which would require the Consulate to revisit its decision denying the visa application."  Reply at 2.  Respondents argue that on this basis, the doctrine of consular nonreviewability bars the Complaint and should therefore be dismissed.  *Id.* (citing *Zhou v. Chertoff*, 2009 WL 2246231, \*2 (N.D. Cal. July 24, 2009) (Whyte, J. ) (dismissing complaint where request for reconsideration was pending because there was no outstanding duty the court could compel defendants to perform).  Respondents thus argue that the crux of Petitioner's challenge is to the *process* by which the U.S. Embassy has reviewed and reconsidered Davila's visa application.  Respondents cite to a recent unpublished Ninth Circuit disposition, which found that despite the "characteriz[ation] of the complaint as one challenging the process followed by the consulate rather than its ultimate decision does not exempt the case from th[e] well-settled doctrine" of consular nonreviewability.  *Capistrano v. Dep. of State*, 2008 WL 466181 at * 1 (9th Cir. Feb 19, 2008).  The court explained that "[a]t its core, the relief sought ... would require the [ ] consulate to revisit its decision denying the visa applications."  *Id.*  *See also Wong v. Leavitt*, 2008 WL 2774448, \*2 (E.D. Cal. June 27, 2008) (dismissing case on consular nonreviewability grounds where plaintiffs argued that they challenged only the process, not the Consulate's decision).

The Court is unpersuaded by Respondents' citation to these authorities.  In *Capistrano*, there is no indication that the alleged "challenge to the procedure" involve a consular officer's refusal consider a motion for reconsideration.  *Id.*  To the contrary, that case falls squarely within the

---

[1] Respondents also point out that Petitioners submitted an incorrect form, the Form I-290, and that no fee is required when filling a motion for reconsideration of a visa, thus "return of the form and check was appropriate."  Motion at 6 .  This may be true, but it does not alter the Court's conclusion that the subsequent letter contains no indication that the Consulate had reconsidered its earlier finding.

8

nonreviewability doctrine because it involved a challenge to the consular officer's decision on the merits. *Id.* Similarly, in *Wong*, *supra*, the court was not presented with the question of whether a consular officer had failed to perform a duty that it was required by federal law to perform.

Here, there is no dispute that Respondents are required under 42 C.F.R. § 42.81(e) to reconsider the visa refusal, so long as new evidence is provided and the motion to reconsider is filed within one year of the original refusal. Rather than dispute the applicability of this regulation, Respondents argue that they have satisfied it by virtue of their letter explaining the original visa refusal. As stated above, however, there is nothing in this document that supports the conclusion now advanced by Respondents here. There is no evidence before this Court that the Consulate reviewed the additional evidence or even considered Petitioners' Motion to Reconsider. Thus, contrary to Respondents' assertion, Petitioners do not "challenge the process" used by the Consulate, as in the *Capistrano* and *Wong* cases cited by Respondents. To the contrary, Petitioners here seek to compel the government to perform its obligation under an applicable federal regulation. The language of the regulation at issue here is mandatory: "If the visa is refused, and the applicant within one year from the date of refusal adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based, *the case shall be reconsidered*. In such circumstances, an additional application fee shall not be required." 22 C.F.R. § 42.81(e) (emphasis added). Respondents have not argued, nor has the Court found any authority suggesting that this language is anything but mandatory.

Because Respondents have failed to convince the Court that its letter of explanation to counsel constitutes part of § 42.81(e)'s reconsideration process, the Court finds that the doctrine of consular nonreviewability is inapplicable based on the evidence currently before this Court, and the matter cannot be addressed on a Rule 12(b)(6) motion. Respondents may raise this issue again on summary judgment.

//

//

//

9

## IV. CONCLUSION

For the foregoing reasons, Respondents' Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Dated: March 30, 2010

JOSEPH C. SPERO
United States Magistrate Judge